# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BACH Management LLC,<br>132 Old San Antonio Road,<br>Boerne, TX 78006,<br><br>     Plaintiff,<br><br> v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>     Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff BACH Management LLC ("BACH" or the "Company"), by and through its attorneys, alleges and states as follows:

### INTRODUCTION

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible businesses, including motion picture theater

operators, impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. BACH operates three motion picture theaters in Texas on behalf of the owners: City Base 10 LLC, Reel Dinner Partners – Laredo, LLC, and Reel Dinner Partners – Corpus Christi, LLC. As an operation and management entity, BACH charges each of the three theater owners a management fee for the full time operation of the theaters.

4. BACH demonstrated eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both BACH's application and appeal, giving no reason for the initial denial and providing only a conclusory statement with the appeal denial that fails to explain the agency's reasoning.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though the Company demonstrated entitlement to additional relief funds, it may receive no additional assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of the Company's reconsideration request.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.  Plaintiff BACH Management LLC operates three motion picture theaters in Texas on behalf of three theater owners: City Base 10 LLC, Reel Dinner Partners – Laredo, LLC, and Reel Dinner Partners – Corpus Christi, LLC. BACH has been in operation since 2007.

10.  Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

11.  Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.   Shuttered Venue Operators Grant Program**

12.  The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues, including motion picture theaters. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13.  SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14.  An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019 up to a maximum award of $10 million. 15 U.S.C. § 9009a(c).

15.  Eligible entities under the Act include motion picture theatre operators, live venue operators, as well as talent representatives, live performing arts organization operators, theatrical producers, live venue promoters, and museum operators. 15 U.S.C. § 9009a(a)(1)(A).

16. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange or presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

17. The Act defines an eligible motion picture operator as "an individual or entity" that "as the principal business activity of the individual or entity, owns or operates at least 1 place of public accommodation for the purpose of motion picture exhibition for a fee . . . ." *Id.* § 9009a(a)(4).

18. The Act specifies that the "motion picture theatres operated by the motion picture theatre operator" must have the following characteristics: (1) at least 1 auditorium that includes a motion picture screen and fixed audience seating; (2) a projection booth or space containing not less than 1 motion picture projector; (3) a paid ticket charge to attend exhibition of motion pictures; and (4) motion picture exhibitions must be marketed through showtime listings in printed or electronic publications, on websites, by mass mail, or on social media.

**B.    BACH's SVOG Award Request and the SBA's Denial**

19. On April 26, 2021, BACH applied for a SVOG award of $479,393.

20. In its application, BACH demonstrated that the Company satisfied the eligibility criteria for a SVOG award. BACH demonstrated that its losses in 2020 exceeded the 25% statutory threshold by submitting income statements for 2019 and 2020. BACH demonstrated that substantially more than 90% of revenue was attributable to managing three motion picture theaters.

4

BACH also provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

21. On July 22, 2021, BACH learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation for the SBA's denial.

22. On August 3, 2021, BACH submitted an administrative appeal of the denial to the SBA.

23. BACH's application and appeal explained in detail and with supporting documentation how the company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for a motion picture theater operator. For each of the three theaters that BACH operates, the Company provide documentation that each theater has (1) at least 1 auditorium that includes a motion picture screen and fixed audience seating; (2) a projection booth or space containing not less than 1 motion picture projector; (3) a paid ticket charge to attend exhibition of motion pictures; and (4) motion picture exhibitions are marketed through showtime listings.

24. On November 15, 2021, the SBA notified BACH by email that its appeal was denied. The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that BACH's appeal was declined "at least in part" based on reasons 10 and 11. Reason 10 is listed as "Did not meet the principal business activity standard for the entity type under which applied." Reason 11 is listed as "Did not meet one or more of the eligibility criteria specific to the entity type under which applied." The email then provided a boilerplate statement:

> Please note the list provided in this email may not be a comprehensive list of reasons for your decline. To receive additional information as to why your SVOG application was declined, please complete this form (direct link:

https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.

25. On November 16, 2021 BACH sent the SBA an email requesting additional information on why BACH's application and appeal were denied.

26. On March 29, 2022, the SBA forwarded an email with a matrix stating that the reason for denial was that BACH did not "have a principal business activity as owning and/or operating at least one place of public accommodation for the purpose of motion picture exhibition for a fee."

27. The SBA's denial of BACH's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

28. The courts recognize a strong presumption favoring judicial review of administrative action.

29. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

30. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

31. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

32. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

33. BACH realleges and incorporates by reference each of the preceding paragraphs and allegations.

34. A basic requirement of administrative law is that an agency explain the reasoning behind its decisions. However, the SBA gave BACH only a conclusory decision that does not explain the agency's reasoning in denying the Company's request for an SVOG award in the amount of $479,393.

35. The SBA's decision on BACH's application conflicts with the evidence of BACH's eligibility presented to the SBA in the Company's application and appeal

36. For each of these reasons, the SBA's denial of BACH's SVOG award request is arbitrary and capricious.

## COUNT II—AGENCY ACTION CONTRARY TO LAW

37. BACH realleges and incorporates by reference each of the preceding paragraphs and allegations.

38. BACH satisfies the Act's eligibility criteria for a SVOG award as a motion picture theater operator.

39. The SBA's denial of the Company's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

40. BACH realleges and incorporates by reference each of the preceding paragraphs and allegations.

41. The SBA's denial of BACH's SVOG award request is supported by no evidence in the record, let alone substantial evidence. BACH's application and appeal presented evidence, which demonstrates BACH's eligibility for a SVOG award.

42. The SBA's denial of the Company's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, BACH respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of BACH's SVOG award request.

2. Preliminarily and permanently order Defendants to consider BACH's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award BACH $479,393 in SVOG funds.

4. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's additional SVOG award.

5. Award Plaintiff its costs and reasonable attorney fees; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: May 16, 2022

Respectfully submitted,

/s/ Caroline L. Wolverton
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for BACH Management LLC*